JOHN PATTEN, Respondent, *v.* THE NEW YORK ELEVATED RAILROAD COMPANY, Appellant.

The subdivision 4, added to section 11 of the Code in 1865, allowing an appeal from a decision of a motion which involved the constitutionality of a State law, was repealed by the amendment of said section in 1867, which added as subdivision 4 a new and different provision; the subdivision, as thus enacted, took the place of the same subdivision as it had previously existed.

*It seems* that the subdivision so repealed did not apply to a decision of the New York Common Pleas.

(Argued December 5, 1876; decided December 19, 1876.)

MOTION to dismiss appeal from order. The nature of the order and grounds of motion are stated in the opinion.

*James Emott* and *James Matthews* for the appellant. The statutes under which defendant acted being remedial, should be liberally construed. (Potter's Dwar. on Stats., 140, 144, 145, 203, 210, 231, 239.)

*Roger A. Pryor* for the respondent. The order was not appealable. (*Van De Water* v. *Kelsey*, 1 N. Y., 533; *Pfohl* v. *Sampson*, 59 id., 175; *Brown* v. *Keeney*, id., 242; *Rae* v. *Mayor*, 62 id., 631; *People* v. *Schoonmaker*, 50 id., 500; *Paul* v. *Munger*, 47 id., 476; *Butterfield* v. *Rudde*, 58 id., 489; *People* v. *Fowler*, 55 id., 675; *Paul* v. *Munger*, 47 id., 476.)

EARL, J. An appeal was taken from an order of the Special Term of the New York Common Pleas, continuing a temporary injunction restraining the defendant from doing certain acts therein mentioned. The General Term of the same court affirmed the order, and the defendant appealed to this court from the order of affirmance. This motion is now made to dismiss the appeal, on the ground that the order is not appealable.

It has been many times decided by this court that the granting, continuing and dissolving of temporary injunctions rest in the discretion of the court of original jurisdiction, and that therefore an appeal from an order granting, continuing or dissolving such an injunction cannot be taken to this court. (*Van Dewater* v. *Kelsey*, 1 N. Y., 533; *Paul* v. *Munger*, 47 id., 470; *People* v. *Schoonmaker*, 50 id., 500; *Pfohl* v. *Sampson*, 59 id., 175; *Brown* v. *Keeny Settlement Cheese Co.*, id., 242; *Rae* v. *Mayor, etc.*, 62 id., 631.) But the defendant seeks to take this appeal out of this general rule, by virtue of an amendment to the Code first adopted in 1865. In that year, section 11 was amended by adding thereto subdivision 4, reading as follows: " Whenever the decision of any motion heretofore made, or of any motion hereafter to be made, in the Supreme Court of this State, at a Special Term thereof, involves the constitutionality of any law of this State, or has been, or shall be, placed in the opinion or reasons for such decision of the justice making such decision, upon the unconstitutionality of such law, then an appeal shall lie, and may be made, from such decision," etc., to the General Term and to the Court of Appeals. The decision in this case was based both at the Special and General Terms of the Common Pleas, upon the unconstitutionality of a law of this State.

It will be observed that this provision of the Code applies by its terms only to decisions made in the Supreme Court, and it may well be claimed, therefore, that it does not apply to this case, where the decision complained of was made in the Common Pleas.

But it is unnecessary to determine whether, upon any permissible construction of the provision, it could be applied to such a case as this, as the entire provision ceased to be any part of the law of this State more than nine years ago. In 1867 section 11 was amended by adding, as subdivision 4, the following: " An appeal from any order to the Court of Appeals affecting a substantial right arising upon any interlocutory proceeding, or upon any question of practice in the action, may be heard as a motion and noticed for hearing for

any regular motion day of the court." Subdivision 4, as thus enacted, took the place of the same subdivision as it had previously existed.

In 1869 it was again enacted (§ 3, chap. 883) as follows: The fourth subdivision of the eleventh section of said act (the Code) is hereby amended so as to read as follows: "An appeal from an order to the Court of Appeals affecting a substantial right, etc., may be heard as a motion," etc.

In 1870 subdivision 4 of section 11 was again, and for the last time, amended so as to read as follows: "In an order affecting a substantial right not involving any question of discretion arising upon any interlocutory proceeding, or upon any question of practice in the action, etc., may be heard as a motion," etc.

From this brief review of the amendments to subdivision 4 of section 11 of the Code, it will be seen that the provision first above referred to, under which it is sought to uphold this appeal, has been no part of the Code since 1867.

The appellate jurisdiction of this court is carefully limited and defined in the Code, and we cannot with propriety extend it to meet the supposed exigencies of any case, even with the consent of the parties.

It follows that the appeal must be dismissed, with costs.

All concur; ALLEN, FOLGER and RAPALLO, JJ., concur in result, on ground that statute does not give jurisdiction to appeal from such orders of the Court of Common Pleas.

Appeal dismissed.